In re: **Michael R. SHEMONSKY,**
Appellant.

No. 05–1736.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Aug. 25, 2005.

Decided Aug. 29, 2005.

Michael R. Shemonsky, Weatherly, PA, pro se.

Stephen R. Cerutti, II, Office of United States Attorney, Harrisburg, PA, for Appellee.

Before BARRY, AMBRO and FUENTES, Circuit Judges.

OPINION

PER CURIAM

Michael Shemonsky appeals the District Court's March 2, 2005, order in which Judge Caputo recused himself from any matter involving Shemonsky. The procedural history of this case is well-known to the parties and need not be discussed at length. On February 18, 2003, the District Court (Chief Judge Vanaskie) enjoined Shemonsky from filing any further pleadings related to his claims concerning his 1994 arrest or Atlantic Financial. This Court affirmed the order on appeal. On February 25, 2005, Shemonsky submitted a document entitled "Conspiracy by Federal and State Court Under the Unified System of Justice." In the document, which was addressed to Judge Caputo, Shemonsky appeared to complain about state court orders concerning child support. On March 2, 2005, Judge Caputo entered an order noting that he had recused himself from the case in July 2003. He then stated that he was recusing himself from any matter involving Shemonsky. Shemonsky filed a timely notice of appeal.

In his brief on appeal, Shemonsky reiterates his complaints about his divorce proceedings. He also makes several comments about judges who have been involved in his legal proceedings over the years. He alleges a conspiracy by Judge Caputo, the same judge whose recusal he is appealing, and contends that the District Court order is wrong because of "bias, prejudice, and fear of exposure by Judge

Caputo." Shemonsky requests this Court to transfer the matter to District Court Judge Nealon.

The only action Shemonsky requests of this Court is that the case be transferred to another District Court Judge. Because Judge Caupto has recused himself and the case is assigned to another Judge, we will dismiss the appeal. A party cannot appeal from a decision in his favor. *See Watson v. City of Newark,* 746 F.2d 1008 (3d Cir. 1984).

To the extent that Shemonsky requests the reassignment of the case to Judge Nealon, we note that a litigant has no right to have his case assigned to a particular District Court Judge. *See Hampton v. City of Chicago,* 643 F.2d 478 (7th Cir. 1981)("While plaintiffs have a right to have their claim heard by the district court, they have no protectable interest in the continued exercise of jurisdiction by a particular judge.").

For the above reasons, we will dismiss the appeal. Shemonsky's motions to compel, motions to disclose, motion to amend, and motion to charge are denied.